In the Matter of the Estate of EVERETT A. MILLER, Deceased. FRANKLIN T. MILLER, Respondent; WILLIAM C. GRAF, Appellant.— In a discovery proceeding, brought to recover the proceeds of sale of decedent's automobile which, prior to decedent's death, was in the possession of William C. Graf pursuant to a written agreement between decedent and him, under which he agreed to make certain payments, past due and to become due, on a condi-

tional bill of sale (a lien on said vehicle), said William C. Graf, who was also named specific legatee of such automobile in the decedent's will, appeals from an order of the Surrogate's Court, Nassau County, entered May 1, 1958 after a nonjury trial, upon the court's opinion-decision, which: (1) directed him to turn over to the administrator *c. t. a.* the sum of $2,140, representing the value of the vehicle at the time of its sale by him; directed that, in the absence of other assets in the estate, such sum be used to pay funeral bills, administration expenses and creditors; and (3) provided that the balance of such sum, if any, remaining after the payment of funeral bills, administration expenses and creditors, be returned to him (William C. Graf). Order affirmed, with $10 costs and disbursements. In our opinion, assuming that the appellant, William C. Graf, was merely to be treated as a legatee under the will, his specific legacy of the automobile, or the equivalent proceeds of sale thereof, was properly subjected to the payment of decedent's debts, funeral expenses and administration expenses. Where the testator's general personal estate is insufficient to defray these preferred obligations, specific legacies may be called upon by the executor for abatement to the extent necessary to pay such obligations (*Taylor* v. *Dodd*, 58 N. Y. 335, 349; *Matter of Smallman*, 138 Misc. 889, 892). If appellant were to be considered solely as a pledgee, then upon decedent's death, absent an enabling provision in the written agreement, appellant had no authority to sell the automobile in his possession, without prior demand for repayment, or to act in violation of the rule that, upon default in payment of the obligation, title to the article pledged remained in the pledgor, subject to existing equities (*First Trust & Deposit Co.* v. *Potter*, 155 Misc. 106, 111). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.